UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERALDINE MINCHIN, | |
| Plaintiff, | CIVIL ACTION NO. 3:24-cv-00143 |
| v. | (SAPORITO, J.) |
| TONY SANCHEZ LTD., | |
| Defendant and Third-Party Plaintiff, | |
| v. | |
| JD ECKMAN, et al., | |
| Third-Party Defendants. | |

## MEMORANDUM

This is a diversity action, brought by the plaintiff, Geraldine Minchin, an individual Pennsylvania citizen, against the defendant, Tony Sanchez Ltd. ("Sanchez"), a New Jersey corporation that builds and sells custom truck bodies. Minchin asserts state-law product liability, negligence, and breach of warranty claims against Sanchez concerning a dump truck it had built and sold to a Pennsylvania corporation, Horwith Trucks, Inc. ("Horwith"), which in turn sold the dump truck to Minchin's employer.

On August 9, 2022, Minchin was operating the dump truck at a worksite on I-476, which is part of the Pennsylvania Turnpike highway system, just north of the Grange Road overpass in Carbon County, Pennsylvania. At about 11:15 p.m., Minchin left the worksite and drove the dump truck in a southerly direction in the southbound lane of the Turnpike. Unbeknownst to Minchin, the dump body was in a raised and dangerous position as she operated the dump truck. As a consequence, the raised dump body of the dump truck collided with the Grange Road overpass as she passed under it, causing Minchin to be injured.

In her complaint, Minchin alleges that, based on invoices, the dump truck was to be equipped with a "body up light with buzzer" to alert the operator of the dump truck if the dump body is in a raised position while the truck is being driven on a highway. She alleges that the dump truck she drove at the time of her injury was equipped with an ineffective body up light. In particular, she alleges that the body up light was installed in such a manner that the operator's view of it was obstructed by the stick used to raise and lower the dump body, and that it was installed *without* a buzzer.

Minchin commenced this federal civil action by filing her complaint

against Sanchez on January 24, 2024. She commenced a substantially similar state-court action against Horwith by filing a complaint in the Northampton County Court of Common Pleas on April 9, 2024.[1]

On June 3, 2024, Sanchez filed a third-party complaint in this federal civil action, asserting indemnity and contribution claims against Horwith and several other allegedly negligent joint tortfeasors: (a) J.D. Eckman, Inc. ("Eckman"), a Pennsylvania corporation and general contractor for the project where Minchin had been working; (b) Mark Schwalm, an individual Pennsylvania citizen and Minchin's employer;[2] (c) the Pennsylvania Turnpike Commission (the "Commission"), an agency of the Commonwealth of Pennsylvania; and (d) Duane Wilson, an individual Pennsylvania citizen and driver of a Commission plow truck that struck Minchin's body on the roadway after she was ejected from the dump truck.

On June 11, 2024, Horwith filed a similar third-party complaint in

---

[1] Although commenced in Northampton County, the state court action has since been transferred to the Carbon County Court of Common Pleas on venue grounds.

[2] Based on the pleadings filed in both actions, Schwalm appears to have been doing business as both "Breezewood Farms," in which capacity he purchased the dump truck, and "S&L Landscaping," in which capacity he employed Minchin.

the state-court action, asserting indemnity and contribution claims against allegedly negligent joint tortfeasors Sanchez, Eckman, the Commission, Wilson, and Schwalm.

Now before the court is a motion by the defendant, Sanchez, seeking dismissal of this action. Doc. 44. Two of the third-party defendants—Eckman and Horwith—have joined in Sanchez's motion. Doc. 47; Doc. 54. The motion is fully briefed and ripe for decision. Doc. 45; Doc. 46.

## I. LEGAL STANDARD

### A. Rule 12(b)(1) Dismissal Standard

The defendant has moved to dismiss this action for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that the joinder of non-diverse third-party defendants precludes our exercise of federal diversity jurisdiction in this case.

The plaintiff bears the burden of establishing the existence of subject matter jurisdiction when challenged under Rule 12(b)(1). *See Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). A defendant may challenge the existence of subject matter jurisdiction in one of two fashions: it may attack the complaint on its face or it may attack the existence of subject matter jurisdiction in fact, relying on

evidence beyond the pleadings. *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Where a defendant attacks a complaint as deficient on its face, "the court must consider the allegations of the complaint as true." *Mortensen*, 549 F.2d at 891. "In deciding a Rule 12(b)(1) facial attack, the court may only consider the allegations contained in the complaint and the exhibits attached to the complaint; matters of public record such as court records, letter decisions of government agencies and published reports of administrative bodies; and 'undisputably authentic' documents which the plaintiff has identified as a basis of his claims and which the defendant has attached as exhibits to his motion to dismiss." *Medici v. Pocono Mountain Sch. Dist.*, No. 09-CV-2344, 2010 WL 1006917, at *2 (M.D. Pa. Mar. 16, 2010). However, when a motion to dismiss attacks the existence of subject matter jurisdiction in fact, "no presumptive truthfulness attaches to plaintiff's allegations," and "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen*, 549 F.2d at 891. This case falls into the former category.

## B. Rule 12(b)(6) Dismissal Standard

The defendant's motion to dismiss also requests that, in light of the plaintiff's parallel state-court action against Horwith, this federal district court abstain from exercising jurisdiction over this case under the *Colorado River* doctrine.

Generally, dismissal on abstention grounds without retention of jurisdiction is in the nature of a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Heritage Farms, Inc. v. Solebury Twp.*, 671 F.2d 743, 745 (3d Cir. 1982) (considering *Younger*, *Pullman*, and *Burford* abstention doctrines); *see also Gwynedd Props., Inc. v. Lower Gwynedd Twp.*, 970 F.2d 1195, 1206 n.18 (3d Cir. 1992) (citing *Heritage Farms*, 671 F.2d at 745) (considering *Younger* abstention doctrine), *abrogated on other grounds by Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69 (2013); *Peet v. Bd. of Supervisors New Hanover Twp.*, No. 21-2696, 2012 WL 5040358, at *1 & n.2 (E.D. Pa. Oct. 29, 2021) (applying the Rule 12(b)(6) standard in considering dismissal under the *Colorado River* abstention doctrine) (citing *Heritage Farms*, 671 F.2d at 745).[3]

---

[3] We note that, when presented with the opportunity to do so, the Third Circuit has made no comment at all on the appropriate standard
*(continued on next page)*

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual

---

for dismissal under the *Colorado River* doctrine when reviewing district court decisions applying Rule 12(b)(6) in that context. *See, e.g.*, *Arsenis v. M&T Bank*, No. 24-1151, 2025 WL 88838, at *1 (3d Cir. Jan. 14, 2025) (per curiam); *Bridge v. Fogelson*, 681 Fed. App'x 137, 138–39 (3d Cir. 2017); *IFC Interconsult, AG v. Safeguard Int'l Partners, LLC*, 438 F.3d 298, 307 (3d Cir. 2006).

allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (en banc) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). Nor is it required to credit factual allegations contradicted by indisputably authentic documents on which the complaint relies or matters of public record of which we may take judicial notice. *In re Washington Mut. Inc.*, 741 Fed. App'x 88, 91 n.3 (3d Cir. 2018); *Sourovelis v. City of Phila.*, 246 F. Supp. 3d 1058, 1075 (E.D. Pa. 2017); *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588–89 (W.D. Pa. 2008).

## II. DISCUSSION

### A. Subject Matter Jurisdiction

Although the plaintiff, Minchin, and the defendant, Sanchez, are citizens of different states, the defendant argues that its joinder of non-diverse third-party defendants—i.e., individual and corporate defendants who are citizens of Pennsylvania, the same state as the plaintiff—destroys federal diversity jurisdiction in this case.

The plaintiff has asserted various state-law product liability, negligence, and breach of warranty claims against the defendant; we have subject matter jurisdiction over these claims under the diversity statute, 28 U.S.C. § 1332. The defendant, in turn, has joined several

third-party defendants and asserted state-law claims for indemnity and contribution against them as joint tortfeasors;[4] we have subject matter jurisdiction over these claims under the supplemental jurisdiction statute, 28 U.S.C. § 1367. The plaintiff has asserted no claims in this litigation against *any* of the third-party defendants.

As the Third Circuit has explained:

> Complete diversity is required only when federal court jurisdiction is exercised under the federal diversity jurisdiction statute, 28 U.S.C. § 1332. Under the Constitution, diversity jurisdiction requires only minimal diversity among the parties, i.e., at least one defendant and one plaintiff need be citizens of different states. . . .
>
> 28 U.S.C. § 1367 provides that, in general, if the district court has jurisdiction over one claim, it can maintain jurisdiction over claims that lack an independent basis of jurisdiction if those claims "are so related to claims" within the court's jurisdiction "that they form part of the same case or controversy under Article III of the United States Constitution." The rule applies even to claims asserted by or against additional parties. Although the statute places certain limits on a court's ability to exercise supplemental jurisdiction over claims by or against non-diverse additional parties when the basis for the original claim is diversity jurisdiction, those limits only apply when the additional claims are brought by *plaintiffs*. Indeed, we have specifically held that in a diversity action, the district court may exercise supplemental jurisdiction

---

[4] It alleges that each of the third-party defendants was negligent.

> over a *defendant's* counterclaim against non-diverse parties joined as third-party defendants to the counterclaims.

*HB Gen. Corp. v. Manchester Partners, L.P.*, 95 F.3d 1185, 1197 (3d Cir. 1996) (citations and footnotes omitted, emphasis in original).

The defendant's joinder of the third-party defendants and its assertion of indemnification and contribution claims against each of them as joint tortfeasors does not deprive this court of diversity jurisdiction with respect to the plaintiff's original claims, brought against the defendant alone. Accordingly, the defendant's motion to dismiss will be denied with respect to this argument.

### B. *Colorado River* Abstention

"As a general rule, federal courts are bound to adjudicate all cases and controversies that are properly before them, and they cannot abdicate their authority or duty in any case in favor of another jurisdiction. *Coles v. City of Phila.*, 145 F. Supp. 2d 646, 650 (E.D. Pa. 2001) (citing *New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans*, 491 U.S. 350 (1989)); *see also Ryan v. Johnson*, 115 F.3d 193, 195 (3d Cir. 1997) ("It is axiomatic that federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them' by

Congress.") (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)) (ellipsis in original). "Abstention is a judicially created doctrine, born out of a concern for the maintenance of our federal system, under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue." *Coles*, 145 F. Supp. 2d at 650 (citing *Heritage Farms*, 671 F.2d at 746). "As abstention is the exception and not the rule, abstention from the exercise of federal jurisdiction is appropriate only under certain limited circumstances." *Id.* (citing *Chez Sez III Corp. v. Twp. of Union*, 945 F.2d 628, 630–31 (3d Cir. 1991)); *see also McClellan v. Carland*, 217 U.S. 268, 282 (1910) ("The rule is well recognized that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction . . . ."). "The general rule regarding simultaneous litigation of similar issues in both state and federal courts is that both actions may proceed until one has come to judgment, at which point that judgment may create a res judicata or collateral estoppel effect on the other action." *Univ. of Md. at Balt. v. Peat Marwick Main & Co.*, 923 F.2d 265, 275–87 (3d Cir. 1991).

The Supreme Court of the United States has articulated four primary types of abstention.[5] The defendant here relies on only one of those types, the *Colorado River* abstention doctrine.

"[I]n *Colorado River*, the Supreme Court recognized that there are certain extremely limited circumstances in which a federal court may defer to pending state court proceedings based on considerations of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Ryan*, 115 F.3d at 195 (quoting *Colorado River*, 424 U.S. at 817). Notably, under *Colorado River*, "the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for abstention" under other doctrines. *Colorado River*, 424 U.S. at 818.

---

[5] *See generally R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496, 500 (1941) (avoiding decision of a federal constitutional question when the case instead may be disposed of on state-law issues); *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943) (avoiding needless conflict with the administration by a state of its own affairs); *Younger v. Harris*, 401 U.S. 37 (1971) (leaving the resolution of unsettled questions of state law to the state courts for resolution); *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) (avoiding duplicative litigation under exceptional circumstances).

First, "[i]n order for *Colorado River* abstention to be appropriate, there must be parallel state and federal litigations that are 'truly duplicative.'" *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 890 (3d Cir. 1997); *see also Ryan*, 115 F.3d at 196 ("A threshold issue that must be decided in any *Colorado River* abstention case is whether the two are 'parallel.' If they are not, then the district court lacks the power to abstain."). "Generally, cases are parallel when they involve the same parties and claims." *Ryan*, 115 F.3d at 196. In this case, the parties do not dispute that the federal court action against Sanchez and the state court action against Horwith are parallel.

"When the two cases fit this requirement, the district court, in its discretion, may abstain only if the several *Colorado River* factors clearly weigh in favor of abstention, because the federal courts have a virtually unflagging obligation to exercise the jurisdiction given them." *Rycoline Prods.*, 109 F.3d at 890 (citation, internal quotation marks, and ellipsis omitted). Our decision "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16

(1983).

> The factors the court must consider are: [(1)] which court first assumed jurisdiction over a relevant *res*, if any; [(2)] whether the federal court is inconvenient; [(3)] whether abstention would aid in avoiding piecemeal litigation; [(4)] which court first obtained jurisdiction; [(5)] whether federal or state law applies; and [(6)] whether the state action is sufficient to protect the federal plaintiff's rights.

*Rycoline Prods.*, 109 F.3d at 890; *see also Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 308 (3d Cir. 2009); *Coles*, 145 F. Supp. 2d at 651. "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." *Colorado River*, 424 U.S. at 818–19; *see also Nationwide*, 571 F.3d at 308.

The first factor—which court first assumed jurisdiction over the relevant *res*, if any—is inapplicable in this case, which involves personal injury liability only. Neither court has asserted *in rem* jurisdiction over any property.

With respect to the second factor—whether the federal court is inconvenient—we find the federal and state forums to be equally convenient. The state court action is currently pending before the Carbon

County Court of Common Pleas, which sits in Jim Thorpe, Pennsylvania, less than 30 miles as the bird flies from the federal courthouse in Wilkes-Barre, Pennsylvania, where this court sits. Thus, we find the second factor to be neutral in our abstention analysis.

With respect to the third factor—whether abstention would aid in avoiding piecemeal litigation—this factor "is met . . . only when there is evidence of a strong federal policy that all claims should be tried in the state courts." *Ryan*, 115 F.3d at 197–98; *see also id.* at 198 ("[T]here must be a strongly articulated *congressional policy* against piecemeal litigation in the specific context of the case under review.").[6] "The presence of garden-variety state law issues has not, in this circuit, been considered sufficient evidence of a congressional policy to consolidate multiple lawsuits for unified resolution in the state courts." *Id.* at 198. Thus, we find the third factor weighs against abstention in this case.

With respect to the fourth factor—which court first obtained jurisdiction—we look not only to which action was filed first, but also to

---

[6] For example, in *Colorado River*, this factor was met because the McCarran Amendment constituted "evidence of a clear federal policy that the state court systems were the preferred means for avoiding the piecemeal adjudication of water disputes." *Ryan*, 115 F.3d at 196–97.

how much progress has been made in each of the two actions. *See Moses H. Cone*, 460 U.S. at 21–22. Here, the federal action was filed nearly three months before the state-court action commenced, and nearly six months before the joinder complaints were filed in both actions. At the time when the motion to dismiss was filed, discovery in this federal action had already commenced (and it remains underway at this writing), while the state court action remained in the preliminary objection stage at that time, and it was only recently transferred from one state court to another. Thus, we find the fourth factor weighs against abstention.

With respect to the fifth factor—whether federal or state law applies—the plaintiff's claims are limited to state-law tort and warranty claims only. But "while the presence of federal issues militates against abstention, the converse cannot be said; abstention cannot be justified merely because a case arises entirely under state law." *Ryan*, 115 F.3d at 199; *see also Heritage Farms*, 671 F.2d at 747 ("Federal and state courts are equally capable of applying settled state law to a difficult set of facts."). This case involves a relatively straightforward application of state tort and contract law. Thus, we find the fifth factor to be to be neutral in our abstention analysis.

With respect to the sixth factor—whether the state action is sufficient to protect the federal plaintiff's rights—we find no reason to doubt that the state common pleas court can adequately protect the interests of all parties to this litigation. But "the mere fact that the state forum is adequate does not counsel in favor of abstention." *Ryan*, 115 F.3d at 200. Rather, "this factor is normally relevant only when the state forum is *in*adequate." *Id.* "When the state court is adequate, however, the factor carries little weight." *Id.* Thus, we find the sixth factor to be neutral in our abstention analysis.

As we have described them above, none of the *Colorado River* factors weighs in favor of abstention. Because the defendant has failed to overcome the strong presumption in favor of exercising jurisdiction, we find that this case does not present the sort of exceptional circumstances necessary to support a decision to abstain from exercising jurisdiction under the *Colorado River* doctrine. Accordingly, the defendant's motion to dismiss will be denied with respect to this argument.

## III.  CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss (Doc. 44) will be denied.

An appropriate order follows.

Dated: May 15, 2025                         *s/Joseph F. Saporito, Jr.*
                                            JOSEPH F. SAPORITO, JR.
                                            United States District Judge