**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GERALDINE MINCHIN,<br><br>Plaintiff,<br><br>v.<br><br>TONY SANCHEZ LTD.,<br><br>Defendant and<br>Third-Party Plaintiff,<br><br>v.<br><br>JD ECKMAN, et al.,<br><br>Third-Party Defendants. | CIVIL ACTION NO. 3:24-cv-00143<br><br>(SAPORITO, J.) |

**MEMORANDUM**

This is a diversity action, brought by the plaintiff, Geraldine Minchin, an individual Pennsylvania citizen, against the defendant, Tony Sanchez Ltd. ("Sanchez"), a New Jersey corporation that builds and sells custom truck bodies. Minchin asserts state-law product liability, negligence, and breach of warranty claims against Sanchez concerning a dump truck it had built and sold to a Pennsylvania corporation, Horwith Trucks, Inc. ("Horwith"), which in turn sold the dump truck to Minchin's employer.

On August 9, 2022, Minchin was operating the dump truck at a worksite on I-476, which is part of the Pennsylvania Turnpike highway system, just north of the Grange Road overpass in Carbon County, Pennsylvania. At about 11:15 p.m., Minchin left the worksite and drove the dump truck in a southerly direction in the southbound lane of the Turnpike. Unbeknownst to Minchin, the dump body was in a raised and dangerous position as she operated the dump truck. As a consequence, the raised dump body of the dump truck collided with the Grange Road overpass as she passed under it, causing Minchin to be injured.

In her complaint, Minchin alleges that, based on invoices, the dump truck was to be equipped with a "body up light with buzzer" to alert the operator of the dump truck if the dump body is in a raised position while the truck is being driven on a highway. She alleges that the dump truck she drove at the time of her injury was equipped with an ineffective body up light. In particular, she alleges that the body up light was installed in such a manner that the operator's view of it was obstructed by the stick used to raise and lower the dump body, and that it was installed *without* a buzzer.

Minchin commenced this federal civil action by filing her complaint

against Sanchez on January 24, 2024.[1]

On June 3, 2024, Sanchez filed a third-party complaint in this federal civil action, asserting common law indemnity and contribution claims against Horwith and several other allegedly negligent joint tortfeasors: (a) J.D. Eckman, Inc. ("Eckman"), a Pennsylvania corporation and general contractor for the project where Minchin had been working; (b) Mark Schwalm, an individual Pennsylvania citizen and Minchin's employer;[2] (c) the Pennsylvania Turnpike Commission (the "Commission"), an agency of the Commonwealth of Pennsylvania; and (d) Duane Wilson, an individual Pennsylvania citizen and driver of a Commission plow truck that struck Minchin's body on the roadway after she was ejected from the dump truck. In answering the third-party complaint, each of the third-party defendants has cross-claimed against each of the others for common law indemnity and contribution. In addition, Eckman has asserted a cross-claim for contractual defense and

[1] Minchin also commenced a substantially similar state-court action against Horwith.

[2] Based on the pleadings filed in both actions, Schwalm appears to have been doing business as both "Breezewood Farms," in which capacity he purchased the dump truck, and "S & L Landscaping," in which capacity he employed Minchin.

indemnity against Schwalm.

One of the third-party defendants, Mark Schwalm, has moved for summary judgment on all claims against him. Doc. 83. The motion is fully briefed and ripe for disposition.

There is no genuine dispute of material fact with respect to this motion. At the time of the incident giving rise to this action, Mark Schwalm was Minchin's employer and coworker. She was injured in the course of performing her work for Schwalm, who provided hauling services as a subcontractor for general contractor Eckman.

Schwalm contends that, because he is both Minchin's employer and coworker, he is protected from liability by the Pennsylvania Workers Compensation Act, 77 P.S. § 1 *et seq.* In relevant part, the Act provides that:

> In the event injury to an employe is caused by a third party, then such employe . . . may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action.

77 P.S. § 481(b).

Sanchez and Horwith point to the fact that Schwalm purchased the truck from Horwith as "Mark Schwalm d/b/a Breezewood Farms," and to Minchin's testimony that she had been employed by "S & L Landscaping," and they argue that two business entities are distinct from one another, and thus the owner of the truck, "Mark Schwalm d/b/a Breezewood Farms," is not entitled to immunity under § 481(b). But it is undisputed that both Breezewood Farms and S & L Landscaping are sole proprietorships wholly owned by Mark Schwalm. As the Third Circuit has recognized, "a sole proprietorship has no existence separate and apart from its individual owner, and . . . it did not matter that [Schwalm] traded under a name different than his own." *Standard Fire Ins. Co. v. Arnold*, 27 Fed. App'x 125, 126 (3d Cir. 2002); *see also Bucchi v. Wachovia Bank, N.A.*, 591 F. Supp. 2d 773, 782 (E.D. Pa. 2008) ("As a sole proprietorship, EES has no existence separate and apart from its individual owner."). Moreover, the evidence of record—in particular, tax and workers compensation documents—clearly establish that Minchin's employer was simply "Mark Schwalm." Because there is simply no legal distinction between "Mark Schwalm," "Breezewood Farms," or "S & L

Landscaping," this argument by Sanchez and Horwith is unavailing.

Based on the evidence of record, viewed in the light most favorable to the non-moving parties, we conclude that the movant, Schwalm, is entitled to immunity from liability for all common law indemnity and contribution claims under the Pennsylvania Workers Compensation Act, 77 P.S. § 481(b).

In addition to a claim for common law indemnity and contribution, Eckman has also asserted a cross-claim for contractual defense and indemnity against Schwalm.[3] Eckman relies on an indemnification provision in a "Subhauler Agreement" entered into between Eckman ("Contractor") and S & L Landscaping ("Subhauler") on or about April 11, 2022. In relevant part, the agreement provides:

> Without limitation to any other indemnification provisions contained within this Subhauler Agreement, Subhauler shall be liable for the acts of its

[3] In an exceptionally concise brief in opposition to Schwalm's motion, the Commission has joined and adopted Eckman's arguments in opposition to summary judgment. But the Commission has only asserted common law indemnity and contribution cross-claims against Schwalm. It has not asserted a similar contractual indemnity cross-claim, and it has adduced no evidence of any contract between the Commission and Schwalm upon which such a claim could be based. The Commission's reference in its brief to a contractual indemnity provision between Eckman and the Commission is simply immaterial to Schwalm's motion for summary judgment.

> employees and/or its agents, and to the fullest extent allowed by law, Subhauler shall hold harmless, defend and indemnify Contractor from and against any claims, damages, losses, fines, penalties and/or expenses, including but not limited to claims of wrongful death, and any related attorney's fees (collectively referred to as "losses"), arising from, in whole or in part, Subhauler's acts or omissions, or any such acts or omissions of Subhauler's agents, employees, sub-subcontractors, or any party under Subhauler's supervision, in the performance of its work. This indemnification includes any losses caused in part by Contractor, *but only to the extent that Subhauler caused the loss*.
>
> *Subhauler's obligation to defend, indemnify, and hold harmless Contractor is neither limited nor abridged by Subhauler's rights or immunities under Pennsylvania's Worker's Compensation Act or similar provisions in other jurisdictions pertaining to injuries or deaths to its employees.* This indemnification obligation under this agreement shall not be limited by a limitation on amount or types of damages, compensation or benefits payable by or for the Contractor or a Subcontractor under workers' compensation acts, disability benefit acts or other employee benefit acts.

Eckman Ex. A, at 3 (emphasis added), Doc. 89, at 11. Under this language, it is apparent that Schwalm, doing business as S & L Landscaping, has an obligation to defend and conditionally indemnify Eckman for losses arising from, in whole or in part, any act or omission of Schwalm. *See generally Kiewit E. Co. v. L & R Const. Co.*, 44 F.3d 1194,

1199 (3d Cir. 1995).

"General indemnity language is insufficient to remove the bar to recovery created by the exclusivity provision of the Work[ers'] Compensation Act. The intent to indemnify against claims by employees of the alleged indemnitor must clearly appear from the terms of the agreement." *Bethlehem Steel Corp. v. MATX, Inc.*, 703 A.2d 39, 43 (Pa. Super. Ct. 1997); *see also Bookard v. Estee Lauder Cos.*, 443 F. Supp. 3d 561, 569 (E.D. Pa. 2020) ("For a written indemnity agreement to waive an employer's immunity under the Pennsylvania [workers compensation] statute, the intent to indemnify against claims by employees of the alleged indemnitor must clearly appear from the terms of the agreement." (internal quotation marks, brackets, and ellipsis omitted)). "The provision must either explicitly state that it covers such claims, or state that the employer's indemnity obligations are not limited by the protections of the Workers' Compensation Act." *Bookard*, 443 F. Supp. 3d at 573; *see, e.g.*, *Kiewit E. Co.*, 44 F.3d at 1200–01 (provision stating that obligation to defend and indemnify "shall not be limited by the provisions of any Workers' Compensation act or similar statute" sufficient to waive immunity). In this case, it is clear from the language highlighted above

that Schwalm has expressly waived employer immunity under the Workers Compensation Act with respect to Eckman's contractual defense and indemnity claims.

In his reply brief, Schwalm argues, for the first time, that Eckman's contractual defense and indemnity claim is premature because there has been no judgment against Eckman, and thus any such claim has not yet accrued. It would be improper for us to grant summary judgment to Schwalm on this new argument, raised for the first time in a reply brief, without first giving Eckman an opportunity to respond. *See Alston v. Forsyth*, 379 Fed. App'x 126, 129 (3d Cir. 2010) (per curiam); *see also United States v. Martin*, 454 F. Supp. 2d 278, 281 n.3 (E.D. Pa. 2006) ("A reply brief is intended only to provide an opportunity to respond to the arguments raised in the response brief; it is not intended as a forum to raise new issues."). Regardless, Schwalm's argument is not well taken, as Rule 14 of the Federal Rules of Civil Procedure "patently contemplates a defending party in federal court asserting claims for contribution and/or indemnification before judgment is entered." *Da Silva v. Temple Univ. Hosp., Inc.*, 506 F. Supp. 3d 318, 326–27 (E.D. Pa. 2020).

Based on the evidence of record, viewed in the light most favorable

to the non-moving parties, we are unable to conclude that the movant, Schwalm, is entitled to immunity from liability for Eckman's contractual defense and indemnity claims under the Pennsylvania Workers Compensation Act, 77 P.S. § 481(b).

For the foregoing reasons, Schwalm's motion for summary judgment will be granted in part and denied in part. The clerk will be directed to enter judgment in favor of Schwalm and against defendant Sanchez and third-party defendants Horwith, Eckman, the Commission, and Wilson with respect to their common law indemnity and contribution claims. The contractual defense and indemnity claim of third-party defendant Eckman, however, will be permitted to proceed.

An appropriate order follows.

Dated: October 9, 2026

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States District Judge